United States District Court
Southern District of Texas

**ENTERED**

February 16, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MADOUSSOU KANE, | § | |
| | § | |
| `Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-15-1861 |
| | § | |
| SCOTT YANCEY, AMIE YANCEY, | § | |
| YANCEY, LLC, WASATCH SUMMIT, LLC | § | |
| d/b/a REAL ESTATE EDUCATION GROUP, | § | |
| VEIL CORPORATE, LLC, INSIDER'S | § | |
| CASH, LLC, RESPONSE MARKETING | § | |
| GROUP, LLC, SAFEGUARD TAX, LLC, and | § | |
| INCOME PROPERTY USA, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION GRANTING DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS

Before the Magistrate Judge upon referral from the District Judge is Defendants' Rule 12(b)(6) Motion to Dismiss (Document No. 14). Having considered the motion, the response in opposition, the allegations in Plaintiff's Amended Petition (Document No. 12), the Order filed on January 5, 2016, which granted Defendant Yancey, LLC's Second Motion to Dismiss and Compel Arbitration (Document No. 27), and the applicable law, the Magistrate Judge, for the reasons set forth below, RECOMMENDS that Defendants Rule 12(b)(6) Motion to Dismiss (Document No. 14)[1] be GRANTED, and that all the remaining claims against all the remaining Defendants be dismissed with prejudice for failure to state a claim.

---

[1] Defendants' earlier filed Rule 12(b)(6) Motion to Dismiss (Document No. 6) has been superseded and is MOOT.

## I.    Background

This is a consumer dispute based on Plaintiff's allegations that she paid close to $30,000 for real estate educational and training materials she purchased from Defendant Yancey, LLC that did not live up to certain representations and her expectations. The case was initially filed in state court, and timely removed by Defendants to this Court on the basis of diversity jurisdiction. Defendants, collectively, filed a Rule 12(b0(6) Motion to Dismiss, and Defendant Yancey, LLC additionally filed a Motion to Dismiss and Compel Arbitration. Plaintiff thereafter filed an "Amended Petition" (Document No. 12), leading Defendants to file a second Rule 12(b)(6) Motion to Dismiss, and Defendant Yancey, LLC to file a second Motion to Dismiss and Compel Arbitration. As referenced above, in an Order filed on January 5, 2016, Defendant Yancey, LLC's second Motion to Dismiss and Compel Arbitration was granted and Plaintiff's claims against Defendant Yancey, LLC were dismissed without prejudice "in favor of being asserted and pursued in arbitration pursuant to the terms for such in the Purchase Order." (Document No. 27 at 2). That ruling leaves only the claims asserted by Plaintiff against the remaining eight Defendants. Those remaining claims are for breach of contract, fraud, violation(s) of the Texas Deceptive Trade Practices Act, and conspiracy.

## II.    Rule 12(b)(6) Standard of Review

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

III.   **Discussion**

In their second Rule 12(b)(6) Motion to Dismiss, Defendants argue that Plaintiff has not alleged a plausible breach of contract claim against any of them because Plaintiff has no contractual relationship with anyone other than Defendants Yancey, LLC, and Wasatch Summit, LLC, and Plaintiff admits in her Amended Petition that the contract she entered into with Wasatch Summit,

LLC was canceled and she was provided a full refund.  With respect to the fraud claims, Defendants argue that Plaintiff has not alleged fraud against Yancey, LLC, Wasatch Summit, LLC or Scott Yancey – the only Defendants named in that claim – with the particularity required by FED. R. CIV. P. 9(b).  As for the DTPA claim, Defendants argue that because Plaintiff only had a contract with Yancey, LLC, she has not and cannot state a plausible DTPA claim against any of the other Defendants.  Finally, Defendants argue that she has not alleged any facts, taken as true, that would support a plausible conspiracy claim.

In response to the Motion to Dismiss, Plaintiff states that she is only asserting claims for "breach of contract against Yancey, LLC, as well as claims for fraud and violations of the Texas Deceptive Trade Practices Act" and that her claims against the other defendants are for "conspiracy to commit fraud and conspiracy to commit violations of the DTPA."  (Document No. 17 at 1). Plaintiff then, a bit inconsistently, argues that she has alleged fraud against both Defendant Yancey, LLC and Wasatch Summit, LLC with the particularity required by Rule 9(b), and that there are sufficient facts to support her consumer status for purposes of her DTPA claim.   Finally, with respect to her conspiracy claims against all the Defendants, Plaintiff argues that "in a conspiracy to commit fraud all co-conspirators are liable for the predicate tort," and that the "tort of fraud committed by Yancey, LLC and Wasatch Summit, LLC is imputed to the co-conspirators." (Document No. 17 at 7).

### A.    Breach of Contract Claim

As represented by Plaintiff, a breach of contract claim has not been alleged against any Defendant other than Yancey, LLC, and that claim has already been dismissed from this case in favor of being pursued in arbitration.

### B.    Fraud Claims

In her "Amended Petition" Plaintiff alleged a claim for fraud against Defendant Yancey, LLC and Defendant Wasatch Summit, LLC.   The fraud claim against Defendant Yancey, LLC has been dismissed from this case in favor of being pursued in arbitration.   As for the fraud claim against Defendant Wasatch Summit, LLC, Plaintiff alleges in her "Amended Petition" as follows:

> 59. Defendant Wasatch Summit d/b/a Real Estate Education Group committed fraud by sending a letter containing false representations that Ms. Kane relied on.   On October 18, 2014, REEG sent a letter to Ms. Kane which purported to offer services for $18,495.00, although Ms. Kane was already entitled to such services.   There is no question the effect of the letter was to represent to Ms. Kane she had no right to the services she already purchased.   This letter deliberately misrepresents the rights and obligations Ms. Kane had under the contract.   Mr. Kane relied on it by tendering the money demanded.   Although it is admitted that the money was refunded, the fraudulent act by REEG was already complete.   The full panoply of damages available for fraud includes more than just a refund of the actual damages.   Therefore, REEG is still liable to Ms. Kane for fraud because the refund was not a settlement or compromise.

Amended Complaint (Document No. 12) at 17.

A common law action for fraud in Texas requires proof of "(1) a misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010).   In addition, in pleading a cause of action for fraud, FED. R. CIV. P. 9(b) requires a party to "state with particularity the circumstances constituting fraud."   That entails setting forth the "particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Tuchman v. DCS Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir.) (quoting *Tel-Phonic Services, Inc. v. TBS Int'l, Inc.*, 975 F.2d

1134, 1139 (5th Cir. 1992)), *reh'g and reh'g en banc denied*, 20 F.3d 1172 (5th Cir. 1994).

Here, while Plaintiff has arguably alleged the who, what, and where of the misrepresentations in support of her fraud claim, she has not stated a claim for fraud because there is no allegation that would support the element of injury or damages for such a claim. Plaintiff states, *and admits*, that Wasatch Summit, LLC refunded her money to her upon her request. There are no other *factual* allegations in Plaintiff's "Amended Petition" that would support the injury/damages element of Plaintiff's fraud claim against Defendant Wasatch Summit, LLC. As such, she has not alleged a plausible fraud claim against Defendant Wasatch Summit, LLC within the meaning of *Twombly*.[2]

### C.    DTPA Claims

In her "Amended Petition" Plaintiff alleged a DTPA claim against Defendant Yancey, LLC and Defendant Wasatch Summit, LLC. The DTPA claim against Defendant Yancey, LLC has been dismissed from this case in favor of being pursued in arbitration. As for the DTPA claim against Defendant Wasatch Summit, LLC, Plaintiff alleges in her "Amended Petition" that defendants committed "the following deceptive acts as defined by Sec. 17.46, Tex. Bus. & Com. Code:

(1)  passing of goods or services as those of another;

(2)  causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(3)   causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

---

[2] Although Plaintiff's "Amended Petition" purports to allege a fraud claim against Defendant Scott Yancey, Plaintiff has, with her representations in her response to Defendant's Rule 12(b)(6) Motion to Dismiss, essentially abandoned such a claim. In addition, even if that was not Plaintiff's intent, it clear that Plaintiff has not alleged a fraud claim against Scott Yancey with the particularity required by Rule 9(b) as the are no allegations, whatsoever, that any false representation was made by Scott Yancey to Plaintiff.

(4) using deceptive representations or designations of geographic origin in connection with goods or services;

(5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

(7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular type or model, if they are of another;

(9) advertising goods or services with intent not to sell them as advertised;

(24) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

(25) using the term "corporation," "incorporated," or an abbreviation of either of those terms in the name of a business entity that is not incorporated under the laws of this state or another jurisdiction.

Amended Petition (Document No. 12) at 17-18. Other than these statutory recitals, Plaintiff has not alleged any facts in her Amended Petition that would support a plausible DTPA claim as against Defendant Wasatch Summit, LLC.

In addition, just as a fraud claim requires allegations of some injury and/or damages, a claim under Texas Deceptive Trade Practices Act requires allegations that a false, misleading or deceptive act was a producing cause of the plaintiff's damages. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) ("The elements of these DTPA actions are: (1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages."). Here, at least with respect to Defendant Wasatch Summit, LLC, Plaintiff has not alleged any facts that would support the injury/damages element of a DTPA claim. Plaintiff admits in her pleadings that she canceled her purchase from

Wasatch Summit, LLC and was given a complete refund.  Given those allegations, coupled with the absence of any other factual allegations that would support the required element of damages, Plaintiff has not alleged a plausible DTPA claim against Defendant Wasatch Summit, LLC within the meaning of *Twombly*.[3]

### D.    Conspiracy Claims

In her Amended Petition, Plaintiff alleges her conspiracy/vicarious liability claim against all the Defendants as follows:

> Wasatch Summit, LLC, Yancey, LLC, Scott Yancey, and Amie Yancey directly perpetrated a fraud against Ms. Kane.  The following persons and entities participated as aiders, abettors, and co-conspirators with Scott Yancey, Wasatch Summit, LLC, and Yancey LLC: Veil Corporate LLC, Income Property USA LLC, Insider's Cash LLC, and Response Marketing Group, LLC.  The Defendants formed a combination in order to participate in the rewards that Yancey LLC, Wasatch Summit, LLC, Scott Yancey and Amie Yancey perpetuated upon Ms. Kane.  Thus, all are liable to Ms. Kane for damages caused by the fraudulent conduct.

Amended Petition (Document No. 12) at 19.  This is the entirety of the allegations in support of Plaintiff's conspiracy claims.

Notwithstanding the fact that Plaintiff has not alleged any facts that would support a plausible conspiracy claim against Defendants,[4] the conspiracy claims are also subject to dismissal pursuant

---

[3] In the Amended Petition, Plaintiff also asserted DTPA claims against Scott Yancey and Amie Yancey, but included no factual allegations therein that would support a DTPA claim against either of them.  Moreover, based on Plaintiff's response to Defendants' Motion to Dismiss, any DTPA claim she asserted or intended to assert against Scott Yancey and Amie Yancey has been abandoned.

[4] The elements of civil conspiracy are "(1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result." *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). The object to be accomplished must either have an unlawful purpose or a lawful purpose which is to be gained through unlawful means. *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 675 (Tex 1998); *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983).  Moreover,

to Rule 12(b)(6) because Plaintiff has failed to allege any facts that would support the underlying improper or unlawful purpose of the conspiracy – the fraud and/or violations of the DTPA. As such, because those underlying, predicate claims are themselves, for the reasons set forth above, subject to dismissal, the conspiracy claims must be dismissed as well. *See e.g. Berry v. Indianapolis Life Ins. Co.*, 608 F.Supp.2d 785, 798 (N.D. Tex. 2009) ("Plaintiffs' failure to state a claim for fraud—the offense underlying its conspiracy claim—provides a separate basis upon which the Court finds the [ ] conspiracy claim should be, and is therefore, DISMISSED"); *see also American Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 438 (Tex. 1997) ("Allegations of conspiracy are not actionable absent an underlying overt unlawful act or purpose.").

## IV.    Conclusion and Recommendation

Based on the foregoing and the January 5, 2016 Order granting Defendant Yancey's Motion to Dismiss and Compel Arbitration, the Magistrate Judge concludes that Plaintiff has not stated a plausible claim against any of the remaining Defendants for which relief may be granted. Accordingly, it is

RECOMMENDED that Defendants' second Rule 12(b)(6) Motion to Dismiss (Document No. 14) be GRANTED, and that Plaintiff's claims against all the remaining Defendants be dismissed with prejudice for failure to state a claim.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file

---

the parties "must be aware of the harm or wrongful conduct at the inception of the combination or agreement." *Triplex Commc'ns, Inc. v. Riley,* 900 S.W.2d 716, 719 (Tex. 1995).

written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order

80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from

attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d

89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day

period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United*

*Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written

objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this __16th__ day of February, 2016.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE