**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **MADOUSSOU KANE**, <br><br> Plaintiff <br><br> v. <br><br> **SCOTT YANCEY**, ET AL. <br><br> Defendants | **DEFENDANTS' MOTION FOR INJUNCTION AND SANCTIONS** <br><br> Civil Action No. 4:15-CV-01861 <br><br> JUDGE MELINDA HARMON |

Defendants Wasatch Summit, LLC, d/b/a/ Real Estate Education Group, Scott Yancey, and Amie Yancey, hereby move to this Court to enjoin Plaintiff Madoussou Kane from continuing its arbitration action against the herein named defendants and issue sanctions against Plaintiff's counsel. This Motion is supported by the following Memorandum of Points and Authorities.

## BACKGROUND

1. In her Amended Petition on July 22, 2015, Plaintiff Madoussou Kane filed claims against Defendants Wasatch Summit, LLC, d/b/a/ Real Estate Education Group (REEG), Scott Yancey (S.Yancey), and Amie Yancey (A.Yancey), among several others defendants.  Dkt. No. 12.

2. The defendants in the lawsuit, which included REEG, S.Yancey, and A.Yancey, filed their motion to dismiss the Amended Petition on August 5, 2015. Dkt. No. 14.

3. A limited liability defendant, Yancey, LLC, filed a separate motion to dismiss and to compel arbitration on August 5, 2015.  Dkt. No. 15.

4.      After Yancey, LLC's motion to dismissed was briefed by both parties, on December 7, 2015, Magistrate Stacy recommended that the claims against Yancey, LLC, be dismissed, without prejudice, in favor of being asserted and pursued in arbitration as per the purchase order agreement between the Plaintiff and Yancey, LLC.  Dkt. No. 26.

5.      In the Opinion and Order of January 5, 2016, District Judge Harmon agreed with Magistrate Stacy's recommendation and dismissed the claims against Yancey, LLC, without prejudice, for Plaintiff to assert them in arbitration.  Dkt. No. 27.

6.      Subsequently, the other motion to dismiss (Dkt. No. 14) was fully briefed, and on January 26, 2016, the motion was referred to Magistrate Stacy.  Dtk. No. 28.

7.      Magistrate Stacy issued a Memorandum and Recommendation on February 16, 2016, which proposed granting Defendants' Rule 12(b)(6) Motion to Dismiss.  Dkt. No. 29.

8.      Later, on March 9, 2016, District Judge Harmon issued an Opinion and Order, which considered the recommendation of Magistrate Stacy, adopted the recommendation, and dismissed Plaintiff's claims, with prejudice, against REEG, S.Yancey, and A.Yancey.  Dkt. No. 30.

9.      Madoussou Kane, through her counsel Joseph Ward, filed a demand for arbitration action with the American Arbitration Association ("AAA"), Case No. 01-16-0000-9722, against Yancey, LLC, S. Yancey, A. Yancey, and REEG, who were notified through a letter dated April 7, 2016.  Exhibit 1.

10.     The claim description filed in the AAA action by Kane states that the "suit involves a breach of contract, violation of the Texas Trade Practices Act, and fraud stemming

from a real-estate education course where defendant breached the contract and violated the Deceptive Trade Practices Act." Exhibit 2.

11.  On June 13, 2016, the AAA was notified that some of the parties named in the arbitration action were dismissed in a prior suit, with prejudice, except for the claims by Ms. Kane against Yancey, LLC, which were subject to arbitration. Exhibit 3.

12.  Mr. Ward, who is counsel for Kane, insisted that the arbiter should settle all claims asserted in the AAA, including those against REEG, S.Yancey, and A.Yancey despite being given a copy of the Opinion and Order dated March 30, 2016, whereby these parties were dismissed with prejudice. Exhibit 3.

13.  Kane has refused to acknowledge the judgment of this court and amend her AAA petition to eliminate the claims against REEG, S.Yancey, and A.Yancey, which have previously been dismissed with prejudice.

14.  Now the AAA matter is set for a preliminary hearing whereby REEG, S.Yancey, and A.Yancey will have to appear to defend against the claims asserted against them. Exhibit 4.

## ARGUMENT

### Request for Injunction

Defendants REEG, S.Yancey, and A.Yancey request that this Court enjoin Plaintiff (and its officers, agents, successors, assigns, and attorneys) from bringing claims against them in the American Arbitration Association, Case No. 01-16-0000-9722, as each of these Defendants were dismissed **with prejudice** from *Madoussou Kane v. Yancey, LLC, et al.*, Case No. 4:15-CV-01861. Dkt. No. 30. Defendants also request that the Court enjoin the Plaintiff from ever seeking

affirmative relief against REEG, S.Yancey, and A.Yancey, if the relief sought is based on, arises out of, or relates to the facts and transactions underlying this federal suit. Finally, Defendants ask that the Court compel Plaintiff to immediately dismiss the AAA arbitration proceeding with respect to REEG, S.Yancey, and A.Yancey.

This Court's jurisdiction to examine this matter follows that of the original suit. *Southwest Airlines Co. v. Texas Int'l Airlines*, 546 F.2d 84, 90 (5th Cir. 1977). Jurisdiction, however, is not enough. A federal court's power to enjoin state court proceedings is also subject to the Anti–Injunction Act, 28 U.S.C. § 2283, which provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

Defendants recognize that the Anti-Injunction Act speaks specifically of state courts and that because the AAA is not such a court, the Act may not apply to limit this Courts power to grant injunctive relief. However, in an attempt to preempt any counter arguments by Plaintiff, and to show its good faith, Defendants argue that even if this Court finds that the Act applies to the present case, the last exception to the Anti–Injunction Act applies also, and gives the Court ample judicial space to rule.

For example, the court in *Truck Treads v. Armstrong Rubber Co*. held that the exception to "rule where necessary in aid of its jurisdiction, or to protect or effectuate its judgments," is valid. 129 F.R.D. 143, 146-47 (W.D.Tex. 1988). It further held that the exception "authorizes the issuance of an injunction to prevent relitigation of matters that have been finally decided by a federal court." *Id*. at 147-48. Relitigation would include arbitration of a matter already finally decided by a federal

court. This exception is "founded in the well-recognized concepts of res judicata and collateral estoppel." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 148 (1988). It allows a party with a favorable federal judgment to protect that judgment by enjoining repetitive proceedings without having to rely on a plea of res judicata in the new court court. *See Southwest Airlines*, 546 F.2d at 89-90; 17C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4226 (1988).

But "[t]he prerequisite to reliance on the third exception is strict and narrow. It requires an assessment of the precise state of the record and of what the earlier federal order actually did." 17C Wright, Miller, & Cooper § 4226. "[A]n essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation or arbitration in other proceedings actually have been decided by the federal court." *Choo*, 486 U.S. at 148. This means that the issue now being arbitrated must have been actually litigated in federal court.

The Fifth Circuit uses a four-part test to determine whether the relitigation exception to the Anti–Injunction Act applies to preclude litigation of a claim in state court: (1) the parties in a later action must be identical to (or at least in privity with) the parties in a prior action; (2) the judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have concluded with a final judgment on the merits; and (4) the same claim or cause of action must be involved in both suits. *Regions Bank of Louisiana v. Rivet*, 224 F.3d 483, 488 (5th Cir. 2000); *New York Life Ins. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000) (quoting *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994)).

In the present case all the elements of the four-part test are satisfied. The first two elements are easy to establish. Plaintiff in both suits was Madoussou Kane and defendants listed in the AAA complaint (Wasatch Summit, LLC, d/b/a/ Real Estate Education Group, Scott Yancey, and Amie Yancey) are also listed in the federal action. Element three is satisfied because the judgment with respect to REEG, S.Yancey, and A.Yancey was final and on the merits. On March 9, 2016, Judge Harmon issued an Opinion and Order which considered the recommendation of Magistrate Stacy, adopted the recommendation, and dismissed Plaintiff Madoussou Kane's claims, with prejudice, against REEG, S.Yancey, and A.Yancey. Dkt. No. 30. Courts recognize that a "with prejudice" dismissal is final and on the merits. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985). No appeal was taken to this judgment.

As for the final element, it requires that both suits involve the same cause of action. The Fifth Circuit has applied different tests to determine whether the same cause of action is involved in two suits. "Since 1983, the Fifth Circuit has preferred the transactional view set out in the Restatement (Second) of Judgments § 24 (1982)." *Truck Treads* 129 F.R.D., at 147.

The Restatement (Second) of Judgments § 24 (1982) sets the following guidelines for determining whether an action is barred by a judgment rendered in a previous action:

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar . . . , the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

> (2) What factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they

6

> form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Comment "a" provides that:

> The present trend is to see claims in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; regardless of the number of primary rights that may have been invaded; and regardless of the variations in the evidence needed to support the theories or rights. The transaction is the basis of the litigative unit or entity which may not be split.

Comment "c" states:

> That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief.

*Truck Treads* 129 F.R.D., at 147-48.

The descriptions of the facts upon which the federal and AAA suits are based are virtually identical. As recited above, the claims asserted by Kane in the AAA action revolve around a breach of contract, fraud, and violations of the Texas Deceptive Trade Practices Act. Exhibit 2. The claims asserted in the AAA are the same that were asserted by Kane in the federal action (see Dkt. 12), which included a breach of contract (page 15), fraud (page 16) and the Texas Deceptive Trade Practices Act (page 17). As is readily apparent from a comparison of the Claim Description of the AAA filing (Exhibit 2) to the Plaintiff's Amended Petition (Dkt. 12), the claims are identical. And considering these same claims under the transactional test, there is no question that they are the same cause of action asserted in different forums.

7

Thus, in light of the satisfaction of the four required elements, Defendants also request that the Court enjoin the Plaintiff from maintaining its action against them with the AAA and preserving the integrity of the judgment issued by this Court.

**Request for Sanctions pursuant to 28 U.S.C. § 1927**

Pursuant to 28 U.S.C. § 1927, Defendants move this Court to sanction counsel for Plaintiff for unreasonably and vexatiously multiplying the proceedings of this case. Defendants also move this Court for an order requiring counsel for Plaintiff to satisfy personally the excess attorney's fees Defendants reasonably incurred because of this unreasonable and vexatious multiplication of the proceedings in this case.

Section 1927 of 28 U.S.C. states, "any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

The Fifth Circuit held in *Browning v. Kramer* that section 1927 is aimed at specific conduct and claims. It authorizes awards only for actual fees and costs which proscribed conduct has caused. 931 F.2d 340, 346 (5th Cir. 1991). The motion must identify the allegedly vexatious claim or conduct, specifically define the argument as meritless, and state the exact attorneys' fee required to compensate for the multiplicitous argument. *Id.*

An award of attorneys' fees under § 1927 requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." In awarding fees under this

provision, "[t]he district court must make detailed factual findings." Specifically, the court is required to "(1) identify sanctionable conduct and distinguish it from the reasons for deciding the case on the merits, (2) link the sanctionable conduct to the size of the sanctions, and (3) differentiate between sanctions awarded under different statutes." Further, punishment under § 1927 is "sparingly applied." This court has held that sanctions under § 1927 are "punitive in nature and require clear and convincing evidence" that sanctions are justified. "An unsuccessful claim is not necessarily actionable." Section 1927 sanctions should be employed "only in instances evidencing a serious and standard disregard for the orderly process of justice," lest "the legitimate zeal of an attorney in representing [a] client [be] dampened. *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 871-72 (5th Cir. 2014)

Similar to Rule 11 cases in which the court can issue sanctions based on a representation to the court that is being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, this Court can issue sanctions under 28 U.S.C. § 1927 for similar conduct for multiplying proceedings in any court, including the American Arbitration Association, provided it conforms to the vexatious and unreasonable standard set forth in the statute.

Here, Plaintiff's counsel knew that the claim was barred from further proceedings when this Court dismissed, **with prejudice,** the claims against defendants REEG, S.Yancey, and A.Yancey. Instead, Plaintiff's counsel obstinately stated that "I am of the mind to have the arbitrator settle all disputes," Exhibit 3, despite the Court's clear order. Indeed, he refused to

acknowledge the legitimacy of this Court's order by stating: "If you believe you have a defense please raise it with the arbitrator at the appropriate time." *Id*.

The arbitration proceeding that Plaintiff's counsel filed would be fine if it included only defendant Yancey, LLC. Indeed, filing such a proceeding is congruent with this Court's earlier order to compel arbitration between Plaintiff and Yancey, LLC. However, this Court also ordered that REEG, S.Yancey, and A.Yancey be dismissed with prejudice, and thus any further proceedings, including arbitration, is directly contrary to this Court's order and categorically unreasonable, vexatious, improper, harassing, and needlessly increases the cost of litigation. This type of conduct is exactly what the statute attempts to prevent and fits squarely within the Fifth Circuit's standard of, "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Lawyers Title Ins. Corp.,* 739 F.3d at 871-72. Plaintiff's counsel, therefore, is subject to section 1927 sanctions.

Furthermore, maintaining a suit that was clearly barred by res judicata is unreasonable and shows a reckless disregard of an order of this Court. This Court ruled on this case already as to the Defendants. The doctrine of res judicata teaches that a judgment in a prior action prohibits the relitigation of the same claims in a subsequent action if (1) a court of competent jurisdiction rendered the prior judgment; (2) the court entered a final judgment on the merits; (3) both actions involved identical parties or those in privity with them; and (4) both actions involved the same cause of action. *Ellis v. Amex Life Insurance Co*., 211 F.3d 935, 937 (5th Cir. 2000). Here, the elements of res judicata are met. Filing the arbitration action against defendants that have been dismissed, for the

same claims that were previously dismissed with prejudice, shows disrespect and a reckless disregard of the duty owned to the Court.

Requiring Defendants to defend this suit for the second time is vexatious. Only a few months after this Court dismissed with prejudice the defendants REEG, S.Yancey, and A.Yancey and Plaintiff's counsel acted in bad faith by filing another action with the AAA asserting claims against parties that had been dismissed with prejudice. This unreasonable conduct is not only evidence of bad faith, but evidence of improper motive.

More importantly, after notice was given to Defendants that the arbitration action had been filed against them, even after having been dismissed with prejudice, Defendants' counsel sent Plaintiff's counsel an email, reminding him of the Court's order dismissing those defendants from the suit, with prejudice and asking him to revise his arbitration filing, omitting defendants REEG, S.Yancey, and A.Yancey. Yet Plaintiff's counsel obstinately refused to do so. Defendants can only conclude that Plaintiff's counsel is hoping to needlessly prolong this case and harass the Defendants and their counsel into occurring additional and unnecessary fees. Defendants request that this Court issue sanctions on Plaintiff's counsel.

Attorney fees are properly awarded to defendants under 28 U.S.C. § 1927 for the reasons detailed above. An award of fees is required to make Plaintiff bear the unreasonable costs it imposed on defendants REEG, S.Yancey, and A.Yancey. All of Defendants' attorney's fees were unreasonably imposed by Plaintiff's actions in this case. A fair estimate of Defendants' attorney's fees to date, pursuant to Fed. R. Civ. P. 54(d)(2)(B)(iii), is $1,500.00. Defendants will provide an itemization of those fees if the Court so requires.

11

## **Conclusion**

For the foregoing reasons, Defendants request that this Motion for Injunction and Sanctions be granted.

Dated this 28th day of July 2016.

                                         **Respectfully submitted,**

                                         By:  /s/ Philip L. Martin
                                         _____

                                         **Philip L. Martin, Esq.** *(pro hac vice)*
                                         INVICTUS LAW, PLLC
                                         360 S. Technology Court, Suite 200
                                         Lindon, UT 84042
                                         Phone: 801.854.9212
                                         philip@invictuspc.com

## **CERTIFICATE OF SERVICE**

I certify that on this 28th day of July 2016, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF system for filing to the following ECF Registrants:

Joseph H. Ward
*Attorney for Plaintiff*
2950 Unity Drive, Ste. 572146
Houston, Texas  77057

                                         /s/   Philip L. Martin
                                         Philip L. Martin